Dear Judge Irvin:
This office is in receipt of your opinion request relating to the following:
Whether LSA-R.S. 13:2007 and LSA-R.S. 2002(B) authorize the Baton Rouge City Court and/or Shreveport City Court to assess costs for a pro bono fund and if not, is there any other provision of law which would allow the Shreveport City Court to designate a portion of its civil costs as a pro bono fund to be distributed to providers of those services in the City of Shreveport?
LSA-R.S. 13:2007 provides that all fines, forfeitures, costs, and penalties imposed in any criminal prosecution by the City Court of Shreveport, and all fees collected in all civil matters, shall bepaid into the general fund of the City of Shreveport.
On the other hand, LSA-R.S. 13:2002(B) provides that afterdeducting or allocating any credits due, the costs of court in civil proceedings (as established by the Baton Rouge City Court Judges sitting en banc) shall be paid into the general fund of the City of Baton Rouge.
In distinguishing the language of the two statutes, LSA-R.S. 2007 clearly designates that all funds, both civil and criminal costs, must go into the general fund. The language of LSA-R.S. 2002(B) provides the authority for the City Judges of Baton Rouge, sitting en banc, to deduct and allocate any credits due in civil matters. These judges have designated pro bono funds as this type of credit which is deducted prior to the costs of a filing being paid into the general fund of the City of Baton Rouge. In fact, pursuant to the authority of LSA-R.S. 13:2002(B), the Baton Rouge City Court judges, in an en banc order, set up a fee schedule that became effective on September 15, 1999. According to that schedule, among the costs deducted from filing fees was $3.00 devoted to the pro bono fund.
In conclusion, it is the opinion of the Office of the Attorney General that LSA-R.S. 13:2007 does not allow the Shreveport City Court to designate a portion of its civil costs to a pro bono fund and that all fees collected must go into the city's general fund. Furthermore, it is also the opinion of this office that no other provision of law provides the authority to allocate a portion of costs for such a purpose.
Sincerely yours,
MARTY WHITE ASSISTANT ATTORNEY GENERAL Judge R. Lee Irvin Div. A Shreveport City Court 1244 Texas Shreveport, Louisiana 71101
Date Received: Date Released: March 3, 2000
MARTY WHITE ASSISTANT ATTORNEY GENERAL